UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Civil No. 8:15-cv-1079-T33EAJ

MILOT ODNE, individually and
d/b/a LBS TAX SERVICES, RAPID
TAX 1, RAPID TAX 1, LLC, and
MILOT ODNE, LLC; and ALEXANDER
BARAZ, individually and d/b/a
LBS TAX SERVICES, RAPID TAX 1,
and ALEXANDER BARAZ, LLC,

    Defendants.
_____/

## JUDGMENT AND ORDER OF PERMANENT INJUNCTION

    Before the Court is a Stipulation for Entry of an Order of Permanent Injunction against Milot Odne. The stipulation has been submitted by the United States and Milot Odne. The Court enters this judgment and order of permanent injunction in accordance with the stipulation.

    The United States has filed a complaint in which it seeks a permanent injunction under 26 U.S.C. §§ 7402, 7407, and 7408 against Milot Odne. The United States alleges, in part, that Milot Odne has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694, 6695, and 6701, and conduct that interferes with the

1

administration of the internal revenue laws.

Milot Odne has waived the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure, consented to the entry of a Judgment and Order of Permanent Injunction, and agreed to be bound by its terms. No provision in this stipulation or the fact that Milot Odne is agreeing to it constitutes an admission by him of any of the allegations set forth by the United States in the foregoing paragraph or in the United States' complaint. This order constitutes a judgment against Milot Odne, pursuant to Rule 54(b) of Fed. R. Civ. P., there is no just reason for delay in entering this judgment and Milot Odne waives the right to appeal from that judgment.

This judgment and order resolves only this civil injunction action, and neither precludes the government from pursuing any other current or future civil or criminal matters or proceedings, nor precludes Milot Odne from contesting his liability or guilt in any other matter or proceeding. The Court retains jurisdiction over this matter for the purpose of implementing and enforcing the permanent injunction entered against him and understands that if he violates the permanent injunction, he may be subject to civil and criminal sanctions for contempt of court.

Based on the foregoing and the stipulation filed by the parties, the Court now **ORDERS** that:

A.  Milot Odne, and all those in active concert or participation with him, are permanently enjoined from:

(1) acting as a federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person or entity other than himself;

(2) preparing or assisting in preparing federal tax returns that he knows or reasonably should have known would result in an understatement of tax liability or the overstatement of federal tax refund(s) as penalized by 26 U.S.C. § 6694;

(3) owning, operating, managing, working in, investing in, providing capital or loans to, receiving fees or remuneration from, controlling, licensing, consulting with, or franchising a tax return preparation business;

(4) training, instructing, teaching, and

    creating or providing cheat sheets, memoranda, directions, instructions, or manuals, pertaining to the preparation of federal tax returns; engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695, 6701, or any other penalty provision in the Internal Revenue Code (26 U.S.C.);

(5) maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number (PTIN) or an Electronic Filing Identification Number (EFIN); and

(6) engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

B. Milot Odne will immediately and permanently close all tax return preparation stores that he owns directly or through any entity, and doing business under any name;

C. Milot Odne is prohibited, either directly or through any entity, from assigning, transferring, or selling any franchise agreement, independent contractor agreement, or employment contract related to any tax return

preparation business to which he or any entity under his control is a party;

D.   Milot Odne is barred from: (1) selling to any individual or entity a list of customers or any other information pertaining to customers for whom Milot Odne and any entity, business, or name through which Milot Odne or those acting at his direction have at any time since 2011 prepared a tax return; (2) assigning, disseminating, providing, or giving to any current or former franchisee, General Sales Manager, District Sales Manager, manager, tax return preparer, employee, or independent contractor of Milot Odne and any entity, business, or name through which Milot Odne prepares tax returns or owns or franchises a tax return preparation business, a list of customers or any other information pertaining to customers for whom Milot Odne and any other entity, business, or name through which Milot Odne or those acting at his direction have at any time since 2011 prepared a tax return; and (3) selling to any individual or entity any proprietary information pertaining to any entity, business, or name through which Milot Odne or those acting at his direction have at any time since 2010 prepared a tax return;

E. Milot Odne shall, within 45 days of the Court's order, either:

(1) pay for the publication of a copy of the order of permanent injunction, stating paragraphs A-D, for three consecutive days in a newspaper of general circulation in every city where Milot Odne owned or operated a tax return preparation store since 2011, or

(2) contact by United States mail or, if an e-mail address is known, by e-mail, all persons for whom Milot Odne, LBS Tax Services stores owned or managed by Odne, or Rapid Tax 1 prepared federal tax returns or claims for a refund for tax years 2011 through the present to inform them of the permanent injunction entered against him, including sending a copy of the order of permanent injunction but not enclosing any other documents or enclosures unless agreed to by counsel for the United States or approved by the Court;

F. Milot Odne shall provide a copy of the Court's order, by email or other means, to all principals, officers, managers, franchisees, employees, and independent

contractors of Milot Odne and any entity, business, or name through which Milot Odne or those acting at his direction have at any time since 2011 prepared a tax return within 45 days of the Court's order, and provide to counsel for the United States within 60 days a list identifying the principals, officers, managers, franchisees, employees, and independent contractors to whom Milot Odne provided a copy of the Court's order;

G. The Court shall retain jurisdiction over Milot Odne and over this action to enforce the permanent injunction entered against him; and

H. The United States is entitled to conduct discovery to monitor Milot Odne's compliance with the terms of Order of Permanent Injunction entered against him.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to enter judgment in favor of the United States of America and against Defendant Alexander Baraz in accordance with the foregoing.

(2) A permanent injunction is hereby entered against Defendant Alexander Baraz in accordance with the foregoing.

(3) Once judgment is entered, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of December, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE