UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Civil No. 8:15-cv-1079-T-33EAJ

MILOT ODNE, individually and d/b/a LBS TAX SERVICES, RAPID TAX 1, RAPID TAX 1, LLC, and MILOT ODNE, LLC; and ALEXANDER BARAZ, individually and d/b/a LBS TAX SERVICES, RAPID TAX 1, and ALEXANDER BARAZ, LLC,

    Defendants.
_____/

**JUDGMENT AND ORDER OF PERMANENT INJUNCTION**

Before the Court is a Stipulation for Entry of an Order of Permanent Injunction against Alexander Baraz. The stipulation has been submitted by the United States and Alexander Baraz. The Court enters this judgment and order of permanent injunction in accordance with the stipulation.

The United States has filed a complaint in which it seeks a permanent injunction under 26 U.S.C. §§ 7402, 7407, and 7408 against Alexander Baraz. The United States alleges, in part, that Alexander Baraz has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694, 6695, and 6701, and conduct that interferes

with the administration of the internal revenue laws.

Alexander Baraz has waived the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure, consented to the entry of a Judgment and Order of Permanent Injunction, and agreed to be bound by its terms. No provision in this stipulation or the fact that Alexander Baraz is agreeing to it constitutes an admission by him of any of the allegations set forth by the United States in the foregoing paragraph or in the United States' First Amended Complaint. This order constitutes a judgment against Alexander Baraz, pursuant to Rule 54(b) of Fed. R. Civ. P., there is no just reason for delay in entering this judgment and Alexander Baraz waives the right to appeal from that judgment.

This judgment and order completely resolves only this civil action for injunctive relief and disgorgement, and neither precludes the government from pursuing any other current or future civil or criminal matters or proceedings, nor precludes Alexander Baraz from contesting his liability or guilt in any other matter or proceeding. The Court retains jurisdiction over this matter for the purpose of implementing and enforcing the permanent injunction entered against him and understands that if he violates the

permanent injunction, he may be subject to civil and criminal sanctions for contempt of court.

Based on the foregoing and the stipulation filed by the parties, the Court now **ORDERS** that:

A.  Alexander Baraz, and all those in active concert or participation with him, are permanently enjoined from:

(1) acting as a federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person or entity other than himself;

(2) preparing or assisting in preparing federal tax returns that he knows or reasonably should have known would result in an understatement of tax liability or the overstatement of federal tax refund(s) as penalized by 26 U.S.C. § 6694;

(3) owning, operating, managing, working in, investing in, providing capital or loans to, receiving fees or remuneration from, controlling, licensing, consulting with, or franchising a tax return preparation

        business; training, instructing, teaching, and creating or providing cheat sheets, memoranda, directions, instructions, or manuals, pertaining to the preparation of federal tax returns;

(4) engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695, 6701, or any other penalty provision in the Internal Revenue Code (26 U.S.C.);

(5) maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number (PTIN) or an Electronic Filing Identification Number (EFIN); and

(6) engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

B. Alexander Baraz will immediately and permanently close all tax return preparation stores that he owns directly or through any entity, and doing business under any name;

C. Alexander Baraz is prohibited, either directly or through any entity, from assigning, transferring, or

4

selling any franchise agreement, independent contractor agreement, or employment contract related to any tax return preparation business to which he or any entity under his control is a party;

D. Alexander Baraz is barred from: (1) selling to any individual or entity a list of customers or any other information pertaining to customers for whom Alexander Baraz and any entity, business, or name through which Alexander Baraz or those acting at his direction have at any time since 2013 prepared a tax return; (2) assigning, disseminating, providing, or giving to any current or former franchisee, General Sales Manager, District Sales Manager, manager, tax return preparer, employee, or independent contractor of Alexander Baraz and any entity, business, or name through which Alexander Baraz prepares tax returns or owns or franchises a tax return preparation business, a list of customers or any other information pertaining to customers for whom Alexander Baraz and any other entity, business, or name through which Alexander Baraz or those acting at his direction have at any time since 2013 prepared a tax return; and (3) selling to any individual or entity any proprietary information pertaining to any entity, business, or name through which Alexander

Baraz or those acting at his direction have at any time since 2013 prepared a tax return;

E. Alexander Baraz shall, within 45 days of the Court's order, either:

(1) pay for the publication of a copy of the order of permanent injunction, stating paragraphs A-D, once a week for three consecutive weeks in a newspaper of general circulation in every city where Alexander Baraz owned or operated a tax return preparation store since 2013, or

(2) contact by United States mail or, if an e-mail address is known, by e-mail, all persons for whom Alexander Baraz, LBS Tax Services stores owned or managed by Baraz, or Rapid Tax 1 prepared federal tax returns or claims for a refund for tax years 2013 through the present to inform them of the permanent injunction entered against him, including sending a copy of the order of permanent injunction but not enclosing any other documents or enclosures unless agreed to by counsel for the United States or approved by the Court;

F. Alexander Baraz shall provide a copy of the Court's order, by email or other means, to all principals,

officers, managers, franchisees, employees, and independent contractors of Alexander Baraz and any entity, business, or name through which Alexander Baraz or those acting at his direction have at any time since 2013 prepared a tax return within 45 days of the Court's order, and provide to counsel for the United States within 60 days a list identifying the principals, officers, managers, franchisees, employees, and independent contractors to whom Alexander Baraz provided a copy of the Court's order;

G. The Court shall retain jurisdiction over Alexander Baraz and over this action to enforce the permanent injunction entered against him; and

H. The United States is entitled to conduct discovery to monitor Alexander Baraz's compliance with the terms of Order of Permanent Injunction entered against him.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to enter judgment in favor of the United States of America and against Defendant Alexander Baraz in accordance with the foregoing.

(2) A permanent injunction is hereby entered against Defendant Alexander Baraz in accordance with the foregoing.

7

(3) Once judgment is entered, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of December, 2016.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE